# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| **DEBBIE STAMPER,** | **CIVIL ACTION NO. 5:16-131- KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** | |
| **ACTING COMMISSIONER OF SSA,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff Debbie Stamper brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Stamper's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Stamper has not engaged in substantial gainful activity since January 2, 2012, the alleged onset date. (Administrative Record ("AR") at 12.)

At step two, the ALJ determined that Stamper suffers from the following severe impairments: coronary artery disease with status post double coronary artery bypass grafting;

fibromyalgia; back and shoulder pain; and Sjögren's syndrome, which is an autoimmune disease that causes dryness of the eyes and mouth. http://www.mayoclinic.org/diseases-conditions/sjogrens-syndrome/home/ovc-20345863. (AR at 12.)

At step three, the ALJ found that Stamper did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 16.)

Before proceeding to step four, the ALJ determined that Stamper had the residual functional capacity (RFC) to perform a reduced range of "light" work as defined by 20 C.F.R. §§ 404.1567(b) with the following limitations:

> She is unable to climb ropes, ladders and scaffolds. She is limited to no more than frequent climbing ramps/stairs, balancing, stooping and kneeling. She is restricted to tasks with limited exposure to temper extremes, full body vibration, concentrated wetness, hazardous machinery and dangerous lights.

(AR at 16.)

At step four, the ALJ determined that, given the RFC described above, Stamper can still perform her past relevant work as a real estate salesperson and officer manager and, thus, she is not disabled. (AR at 17.) Accordingly, the ALJ did not proceed to step five – determining whether there are jobs the claimant could perform other than past relevant work.

**ANALYSIS**

Stamper raises two objections to the ALJ's decision. First, she argues that the ALJ erred in finding that Stamper's impairment or combination of impairments does not meet or medically equal the severity of one of the listed impairments. This is significant because, if a claimant's impairment meets or medically equals one of the listed impairments at 20 C.F.R. § 440, Subpart P, Appendix 1, then the ALJ must find the claimant disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

2

Stamper argues that she meets or equals the qualifications for impairment listing 14.10 for Sjögren's Syndrome. That listing requires a diagnosis and, in relevant part:

> A. Involvement of two or more organs/body systems, with:
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

There is no dispute that Stamper has been diagnosed with Sjögren's syndrome. The ALJ recognized the diagnosis and found that Sjögren's syndrome constituted a severe impairment. Stamper argues that she has presented sufficient evidence that the syndrome involves multiple body systems to at least a moderate level of severity, satisfying the requirement in 14.10(A)(1). She argues that she also satisfies the second requirement of that provision because the evidence shows she has repeatedly sought treatment for severe fatigue and malaise.

The Commissioner disputes only whether Stamper has presented sufficient evidence to meet the second requirement. In his decision, the ALJ does not mention listing 14.10. The Court agrees with the Commission that the ALJ should have specifically discussed listing 14.10. Nevertheless, the fact that he did not does not require a remand if the ALJ "made sufficient factual findings elsewhere in his decision to support his conclusion at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014).

With regard to evidence that Stamper has experienced severe fatigue or malaise necessary to meet the second requirement of the listing, the ALJ noted that Stamper was seeing Dr. Shahzad Mohammad for fatigue and depression. The ALJ also noted that Stamper had been treated for depression for 25 years and that she underwent a consultative psychological evaluation and was diagnosed with major depressive disorder. Nevertheless, the ALJ determined that Stamper's

3

mental impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere."

The ALJ noted the various activities of daily living that Stamper was able to perform including providing for her own personal care, preparing meals daily, cleaning, laundry, driving, shopping, paying some bills, watching television, reading the newspaper, and interacting with others through Facebook, and email. The ALJ noted evidence in the record that Stamper has no problem getting along with family, friends, and neighbors and that she can follow written and spoken instructions. The ALJ further noted that, while Dr. Shahzad reported that Stamper has depression and anxiety, Dr. Shahzad had not found the condition severe enough to refer her for psychiatric treatment or hospitalization. The ALJ also cited a report by consultative psychologist Jennifer Sutherland who diagnosed Stamper with major depressive disorder but also found Stamper had a good ability to tolerate the stress and pressures associated with typical day-to-day work activities. (AR at 606.)

Accordingly, the ALJ's determination that Stamper does not have an impairment or combination of impairments that meets or medically equals any Listing, including Listing 14.10, is supported by substantial evidence.

Stamper also argues that the ALJ failed to give good reasons for rejecting the opinion of Dr. Shahzad, her treating physician. ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

4

Dr. Shahzad opined that Stamper has Sjögren's syndrome, chronic back and joint pain, depression, and anxiety. He opined that Stamper has "marked limitation" in her ability "to deal with normal stresses of competitive employment such as working at a constant pace, working appropriately with co-workers and supervisors, not taking an excessive number of breaks, etc." (AR at 684.) He further opined that Stamper could sit for only 10 minutes and stand and walk for only five minutes without changing positions and that she could sit, stand, and walk for less than two hours in an eight-hour workday. (AR at 685.) He further opined that she would need to include frequent periods of walking and would have to "lie down at will" during an eight-hour workday. Dr. Shahzad opined that Stamper could lift less than 10 pounds only infrequently and that should could never left more than 10 pounds. (AR at 686.)

In developing Stamper's RFC, the ALJ gave Dr. Shahzad's opinion "little weight." Nevertheless, he gave good reasons for doing so. As discussed, with regard to Stamper's anxiety and depression, the ALJ noted the activities of daily living that Stamper is able to perform successfully, the fact that Dr. Shahzad had never referred Stamper for psychiatric treatment or hospitalization, and psychologist Sutherland's opinion that Stamper has a good ability to tolerate the stress and pressures associated with typical day-to-day work activities

As to the physical limitations contained in Dr. Shahzad's opinion, it was dated August 13, 2013 and was partly based on his assertion that Stamper had "Positive Straight Leg Raising," "muscle weakness," and "abnormal gait." The ALJ noted, however, that Dr. Shahzad's treatment notes dated May 8, 2014 showed that Stamper's gate was normal, her straight leg raising was negative bilaterally, and that Stamper had 5/5 muscle strength. (AR at 871). The ALJ further noted records from Stamper's treating orthopedist and pain management specialists indicating that Stamper's hips were "structurally sound," that she had a normal MRI in

5

December 2013, and that she had mild degenerative disc disease with no significant change from prior imaging done in 2008, when Stamper was working successfully. The ALJ also noted that consultative examiner Dr. Jules Barefoot reported that Stamper's gait was normal and that she had full mobility in her lumbar and cervical spine, shoulders, elbows, wrists, hips, knees and ankles. The ALJ noted that Dr. Barefoot concluded that Stamper would have difficulty with only "strenuous" work activity. These are good reasons for discounting Dr. Shahzad's opinion.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;

2. The defendant's motion for summary judgment (DE 11) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 27, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY